*Baidis v. Lynch*

BIA
Burr, IJ
A071 993 223

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand sixteen.

PRESENT:
>        DENNIS JACOBS,
>        BARRINGTON D. PARKER,
>            *Circuit Judges,*
>        JANE A. RESTANI,*
>            *Judge, U.S. Court of International Trade.*

_____

BASSAM BAIDIS, AKA HASSAN GORAL,
>        *Petitioner,*

>    v.                                          13-21


LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**            Joshua Bardavid, New York, NY.

_____

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Jesse Lorenz, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Bassam Baidis, a stateless Palestinian, seeks review of a December 27, 2012, decision of the BIA affirming a December 2, 2010, decision of an Immigration Judge ("IJ") ordering him removed to Turkey or alternatively, Jordan or Israel and the Occupied Territories. The IJ granted withholding of removal with respect to Israel and the Occupied Territories, but denied Baidis's application for cancellation of removal. *In re Bassam Baidis,* No. A071 993 223 (B.I.A. Dec. 27, 2012), *aff'g* No. A071 993 223 (Immig. Ct. N.Y. City Dec. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Baidis argues that the IJ, having granted him withholding of removal to Israel, was required to grant him withholding of removal to Turkey and Jordan.[1] His argument is as follows: he adduced evidence that Turkey and Jordan will return him to Israel; the IJ found that if returned to Israel, Baidis will more likely than not be persecuted; the Immigration and Nationality Act ("INA") prohibits the Attorney General from removing an alien to a country where he will be more likely than not be persecuted; therefore, Baidis is entitled to withholding of removal to all three designated countries of removal.

Baidis has identified a possible tension between the INA's removal commands and the provision on withholding of removal.

---

[1] Baidis contends that if he failed to apply specifically for withholding to Turkey and Jordan, it was because the IJ did not give him notice of her intention to designate those countries as countries of removal. He failed to exhaust this argument before the BIA, and so we decline to consider it. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2006, amended 2007).

The INA's removal commands list four "steps" for an IJ to take in identifying the country of removal:

> (1) An alien shall be removed to the country of his choice . . . , unless one of the conditions eliminating that command is satisfied;
>
> (2) otherwise he shall be removed to the country of which he is a citizen . . . , unless one of the conditions eliminating that command is satisfied;
>
> (3) otherwise he shall be removed to one of the countries with which he has a lesser connection . . . ; or
>
> (4) if that is "impracticable, inadvisable, or impossible," he shall be removed to "another country whose government will accept the alien into that country."

*Jama v. Immigration and Customs Enf't*, 543 U.S. 335, 341 (2005) (citing 8 U.S.C. § 1231(b)(2)). In *Jama*, the Supreme Court held that step 3 has no "acceptance requirement." *Id*. at 341-42. So, if the alien is to be removed "to one of the countries with which he has a lesser connection," the government need not get that country's prior consent before designating it. *Id*. at 341. But the INA goes on to state that "[n]otwithstanding" the removal commands, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). If the alien makes the required showing, withholding of removal is mandatory. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (citing 8 USC § 1231(b)(3)(A) & 8 C.F.R. § 208.16(b)(1)).

Baidis did not choose a country (step 1). As a stateless Palestinian, he is not a citizen of any country (step 2). So, the IJ identified the three countries with which Baidis has a

lesser connection (step 3): Turkey, from which Baidis was first admitted to the United States in 1990; Jordan, which had sovereignty over his birthplace when he was born; and Israel, which has sovereignty over it today. The IJ designated Turkey, with Jordan and Israel as alternatives. In accordance with *Jama*, whether any of those countries would accept Baidis played no role in the designation. Nor did the IJ analyze whether it would be "inadvisable" to remove Baidis to those countries (step 4).

Baidis's application for withholding described a fear of persecution in Israel and the occupied territories. It made no mention of Turkey or Jordan. However, Baidis testified that he would not be permitted to reside in Turkey, notwithstanding his wife's citizenship. He testified about his inability to reside permanently in Jordan, and his attorney submitted an affidavit about Baidis's conversation with the Jordanian consulate on that topic. But, as Baidis concedes, nothing in the record suggested that his "life or freedom would be threatened" while he was in Turkey or in Jordan. 8 U.S.C. § 1231(b)(3).

The parties have not identified another case addressing a stateless alien who was granted withholding of removal to one of the countries with which he has a lesser connection. It is unclear whether Baidis could have been eligible for withholding of removal to Turkey and Jordan on the ground that those countries would return him to Israel. If so, how would one raise such a claim? The BIA's decision is unclear; it concluded that Baidis had not raised a withholding claim with respect to Turkey or Jordan, but did not acknowledge the evidence that Turkey and Jordan will return him to Israel. Also unclear is whether the IJ should have evaluated if it would be "inadvisable" to remove Baidis to countries that will return him to Israel, where, as the IJ found, he will more likely than not suffer persecution. *See* 8 U.S.C. §§ 1231(b)(2)(E)(vii), 1231(b)(3); *but see Jama*, 543 U.S. at 341.

We will not attempt to answer these questions in the first instance. *See, e.g., Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 116 (2d Cir. 2006) ("Federal courts, of course, do sometimes answer questions of first impression without administrative guidance. But they need not do so in all cases."). Instead, we remand for the BIA to clarify its

4

decision and determine what findings, if any, the IJ had to make about the possibility that Turkey or Jordan would return Baidis to Israel and the relevance of such findings to the removal order.  If additional findings are necessary, the BIA may, of course, remand to the IJ.

Baidis also challenges the IJ's finding that he lied in his naturalization proceeding for the purpose of obtaining U.S. citizenship.  Cancellation of removal requires, among other things, that the alien has "been a person of good moral character" during the ten-year period preceding his application.  8 U.S.C. § 1229b(b)(1)(B).  "No person shall be regarded as, or found to be, a person of good moral character who," during that time, gave "false testimony for the purpose of obtaining any benefits" under the I.N.A.  8 U.S.C. § 1101(f)(6).  This provision has no materiality requirement; "it denominates a person to be of bad moral character on account of having given false testimony if he has told even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits." *Kungys v. United States*, 485 U.S. 759, 780 (1988).  We review the agency's determination that an alien made false statements with such intent for substantial evidence.  *Medina v. Gonzales*, 404 F.3d 628, 634 (2d Cir. 2005).

The record amply supports the agency's finding that Baidis lied for the purpose of obtaining citizenship.  He lied on his naturalization application and while under oath in his naturalization interview.  In the removal hearing, Baidis admitted that at the naturalization interview, he was "trying to give answers to have that application approved."  Together, this is substantial evidence supporting the agency's finding that he gave false testimony for the purpose of obtaining citizenship.  8 U.S.C. § 1101(f)(6).  Logic also supports the finding: to tell the truth during his naturalization interview would have required Baidis to admit that he evaded inspection at the border and lied to immigration officials about something so basic as his name.

5

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and this case is REMANDED for further proceedings consistent with this order.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk